UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In Re:

Melissa Beth Hepler

Case No.: 9:17-bk-06165-FMD
Chapter 13

Debtor.
_____/

**DEBTORS' VERIFIED MOTION TO COMPEL CREDITOR, SHELLPOINT MORTGAGE SERVICING, TO HONOR COMPLETED MORTGAGE MODIFICATION AND REQUEST FOR ATTORNEY'S FEES**

**COMES NOW** the Debtor, Melissa Beth Hepler, by and through her undersigned attorney, and file this Motion to Compel Specialized Loan Servicing, n/k/a Shellpoint Mortgage Servicing, and state as follows:

1. The Debtor filed a Petition for relief under Chapter 13 of the Bankruptcy Code on July 1, 2017.

2. The Debtor filed a Motion for Referral to Mortgage Modification Mediation on August 4, 2017 for loan ending in *2620 with Specialized Loan Servicing for property located at 731 Solana Loop, Punta Gorda, FL 33950. (Doc. No. 14)

3. The Mortgage Modification Mediation Order was entered on August 2, 2017 (Doc. No. 15).

1

4. The Modification application was submitted through the DMMPortal on September 21, 2017 and received by the then Servicer, Specialized Loan Servicing, LLC on September 21, 2017. (Exhibit "A")

5. Prior to mediation being scheduled with Holly McFall, Esq., Mediator, a decision was reported by the servicer. Debtor was approved for a Trial Modification on October 23, 2017. ( Exhibit "B")

6. The mediator, Holly McFall, Esq., filed her Final Report of Mortgage Modification Mediation Report on November 21, 2017, that the "Parties settled prior to attending", due to the Trail Modification Approval. (Doc. No. 24).

7. On February 6, 2018, a Motion for Approval of Trial Modification with Specialized Loan Servicing, LLC and Request for Additional Counsel Fees was filed (Doc. No. 27).

8. On February 16, 2018, the Trustee filed a Trustee's Consent To Debtor's Motion To Approve Trial Modification With Specialized Loan Servicing, LLC (Doc. No. 29).

9. On March 9, 2018 an Order Granting Motion to Approve Trial Mortgage Modification with Specialized Loan Servicing, LLC and Request for Additional Counsel Fees was filed (Doc. No. 30).

10. On March 20, 2018, a message was received in the DMMPortal stating that "Mediation is closed on this file and the account has been transferred to Shellpoint Mortgage Servicing prior to the review for final mod. Please see Goodbye Letter attached". (Exhibit "C")

11. On March 23, 2018, a Transfer of Claim other Than for Security was filed stating Shellpoint Mortgage Servicing as the new servicer of the loan. (Doc. No. 32)

12. As per the Trial Modification, the trial payments were made on time by the Debtor to the Trustee in the amount of $1,096.00 which was included in her total Plan payment of $1,987.00.

13. **According to the payment summary from Chapter 13 Trustee Online Case Status System, payment was disbursed to Shellpoint Mortgage Servicing on February 13, 2018, Check #60065 in the amount of $3,288.84 representing the three trial payments.**

14. On April 4, 2018, Tara Cummings, paralegal for Icard Merrill, Debtor's Counsel, spoke to a servicer representative "Sara" and was advised that she would email Sandra Martinez (SPOC), as she was not available, to inquire as to the status of the preparation of the permanent modification paperwork..

15. Ms. Cummings contacted Shellpoint on April 18, 2018, and was informed that the Debtor's loan information was uploaded into their system but they could not speak with our firm as they needed authorization. Authorization was faxed over on the same day. (Exhibit "E")

16. On April 26, 2018, Ms. Cummings again spoke to the servicer and was told that they needed to check with Sandra Martinez (SPOC) and they would contact our firm in reference to the permanent modification.

17. On May 1, 2018, Ms. Cummings, again, contacted Shellpoint and was told that they could not tell her anything because they were still waiting for the documents to be uploaded into their system from the prior servicer Specialized Loan Servicing.

18. The contact person was informed that the documents in question were emailed over twice to them on March 20, 2018 & March 29, 2018. The contact person thereupon informed Ms. Cummings that he found the email and will get with the Single Point of Contact (SPOC) "Sandra Martinez", to see if we can get this case moving along. The contact person stated they would call back.

19. On May 4, 2018, Ms. Cummings contacted Shellpoint and spoke with Sandra Martinez (SPOC) **and she informed us that the trial modification expired February 28, 2018 and that they did not receive the funds from the Trustee until the beginning of March. Therefore, the Debtor would have to re-submit documents all over again to get yet another trial modification approval from them, Shellpoint Mortgage Servicing.**

20. When a request was made for documentation of this alleged February 28, 2018 deadline was requested, none could be provided.

21. Based upon the foregoing, Debtor respectfully submits that Shellpoint is being unreasonable and **acting in bad faith** as Debtor complied with all the requirements of the modification process in a timely matter.

22. Additionally, the Trustee's own records indicate that it cut the check to the servicer on **February 13, 2018.**

23. Moreover, the previous loan servicer, Specialized Loan Servicing, LLC's "good-bye letter" (Exhibit "C") specifically states that: "Under Federal law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer on or before its due date may not be treated by the new servicer as late, and a late fee may not be imposed upon you."

24. For these reasons, Debtor respectfully requests this Court to compel Shellpoint to honor the modification and provide debtor with the final documents to complete the modification.

25. Additionally, Debtor requests that Shellpoint be required to reimburse Debtor attorney fees for the necessity of having to file this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order:

(a) Ordering Shellpoint Mortgage Servicing to reinstate the Trial Modification and produce the Permanent Modification Documents for execution and recording,

(b) awarding Debtors' attorney a reasonable fee for this Motion; and

(c) granting such other and further relief as the Court deems appropriate.

/s/ Mark Martella, Esq.
Mark Martella, Esq.
Florida Bar No. 0024021
Icard, Merrill, Cullis, Timm, Furen & Ginsburg, PA
18501 Murdock Cir, Suite 304
Port Charlotte, FL 33948
(941) 206-3700; Fax (941) 206-3701
mmartella@icardmerrill.com
Attorneys for Debtor,
Melissa Beth Hepler

5

## DECLARATION

The undersigned hereby makes solemn oath that the statements and figures contained herein are true and correct to the best of her knowledge, information and belief.

_5-10-18_
DATE

_____
Tara Cummings

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by electronic notice if registered in the Electronic Case Filing System, otherwise by U.S. Mail on the following: Chapter 13 Trustee, Jon M. Waage; U.S. Trustee, Mark Martella, Esq. and the Debtor and via Registered Mail to Shellpoint Mortgage Servicing, PO Box 10826, Greenville, SC 29603-0826 on this 10th day of May, 2018.

/s/ Mark Martella, Esq.
Mark Martella, Esq.
Florida Bar No. 0024021
Icard, Merrill, Cullis, Timm, Furen & Ginsburg, PA
18501 Murdock Cir, Suite 304
Port Charlotte, FL 33948
(941) 206-3700; Fax (941) 206-3701
mmartella@icardmerrill.com
Attorneys for Debtor,
Melissa Beth Hepler

s:\share1\mark\hepler\pleadings\motion to compel.doc